IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TROY COX, :

    Plaintiff, :
                                     Case No. 3:17-cv-00395
v. :
                                     JUDGE WALTER H. RICE
UNIVERSITY OF DAYTON, :

    Defendant. :

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE PURSUANT TO FED. R. CIV. P. 41(b) AND FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37(d) (DOC. #41); SUSTAINING DEFENDANT'S MOTION TO CONTINUE TRIAL DATE (DOC. #45); PLAINTIFF ORDERED TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. #42), IN ACCORDANCE WITH FED. R. CIV. P. 56, WITH OR WITHOUT COUNSEL, WITHIN THIRTY DAYS OF THIS DECISION AND ENTRY; FAILURE OF PLAINTIFF TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. #42) MAY RESULT IN THE COURT ENTERING JUDGMENT IN FAVOR OF DEFENDANT AND PLAINTIFF'S CASE BEING DISMISSED

---

Defendant, the University of Dayton (the "University"), has three motions before this Court: (1) a Motion to Dismiss for Failure to Prosecute Pursuant to Fed. R. Civ. P. 41(b) and for Sanctions Pursuant to Fed. R. Civ. P. 37(d) ("Motion to Dismiss"), Doc. #41, filed July 24, 2019; (2) a Motion for Summary Judgment, Doc.

#42, filed August 2, 2019; and (3) a Motion to Continue the Trial, Doc. #45, filed October 3, 2019. No responsive pleadings have been filed.[1]

For the reasons set forth below, the Court rules as follows: (1) Defendant's Motion to Dismiss, Doc. #41, is overruled; (2) Defendant's Motion to Continue the Trial, Doc. #45, is sustained; and (3) with respect to Defendant's Motion for Summary Judgment, Doc. # 42, Plaintiff is ordered to respond, in accordance with Fed. R. Civ. P. 56, with or without an attorney, within thirty days of this Decision and Entry. The failure of Plaintiff to respond to Defendant's Motion for Summary Judgment may result in the Court entering judgment in favor of Defendant and against Plaintiff and the case being dismissed on the merits.

I.  **Procedural Background**

The First Amended Complaint ("Amended Complaint") alleges violations under the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act"), the Americans with Disabilities Act, 28 U.S.C. §§ 1331 and 1334 ("ADA") and the Ohio Civil Rights Act, Ohio Rev. Code Section 4112.02 et seq. Doc. #31. According to the allegations in the Amended Complaint, in the fall of 2016, Cox, a U.S. Navy veteran who served in the Gulf War and was honorably discharged in 2013, enrolled at the University of Dayton School of Law ("UDSL" or "School of Law").

---

[1] Although different attorneys have represented Plaintiff at different times in this litigation, as of the date of the filing of these motions, Plaintiff was not represented by counsel.

2

Doc. #31, PAGEID#85-86. Plaintiff alleges that upon his acceptance at UDSL, he "verbally requested an accommodation to assist with his home study, classwork and testing" and "attempted to explain his medical conditions and resulting limitations." *Id.*, PAGEID#86. In September 2016, the Amended Complaint alleges that Cox gave the University accommodations that were issued in 2015 from Eastern Kentucky University for the same physical conditions and limitations. Cox also allegedly provided documentation issued in 2013 by the Department of Veterans Affairs to the University. *Id.*, PAGEID# 89. Plaintiff alleges, however, that he did not receive the requested accommodations from the University until February 2, 2017. *Id.*, PAGEID#93. As a result of this delay in providing accommodations to him, the Amended Complaint alleges that Plaintiff was academically dismissed from UDSL on or about May 27, 2017. *Id.*, PAGEID##94-95.

Following a motion to stay and unsuccessful attempts at informal resolution, the University initiated steps to depose Plaintiff and contacted his attorney in order to find a mutually agreeable date. Doc. #41, PAGEID#138. On June 13, 2019, counsel for the parties agreed upon the date of July 10, 2019, for Plaintiff's deposition. *Id.* A Notice of Deposition for the July 10, 2019, deposition was served on counsel for Plaintiff along with a request to provide responses to previously served interrogatories and a document request. *Id.* On July 8, 2019, a reminder was sent to Plaintiff's counsel that discovery responses were needed in advance of Cox's deposition. On July 9, counsel for the University was notified

that Plaintiff's counsel intended to filed a motion to withdraw from further representation of Cox. *Id.*, PAGEID##138-39. The motion to withdraw stated that there were "serious communication issues" that had caused "a breakdown in the attorney-client relationship." *Id.*, PAGEID#129. Although Plaintiff was apparently told of the deposition, he advised his counsel that he would not be appearing for his July 10, 2019, deposition. *Id.*, PAGEID#139. This information was communicated to counsel for the University. *Id.* On July 10, 2019, counsel for the University appeared for the noticed deposition of Plaintiff and "created a record establishing the Plaintiff's failure to appear for his properly noticed deposition." *Id.*, PAGEID#145-153. On July 18, 2019, an order was filed sustaining the motion to withdraw and on July 24, 2019, the Court filed an Amended Preliminary Pretrial Order setting August 2, 2019, as the date for the filing of motions for summary judgment and confirming the previously scheduled date of December 2, 2019, for trial. Docs. ##39 and 40.

Following Plaintiff's failure to attend his July 10, 2019, deposition, the University filed their Motion to Dismiss, Doc. #41. As required by the Amended Preliminary Pretrial Order, the University filed their Motion for Summary Judgment, Doc. #42, on August 2, 2019.

II. **Legal Analysis**

   A. **Motion to Dismiss**

The University has filed a motion with the Court seeking dismissal of the Amended Complaint with prejudice and requesting monetary sanctions pursuant to Fed. R. Civ. P. 37(d)(3). In their motion, the University cites to six instances where Plaintiff has "missed deadlines and caused undue delay." Doc. #41, PAGEID##139-140. The University also argues that Plaintiff failed to attend a properly noticed deposition that was agreed upon by Plaintiff's former counsel, resulting in "significant fees and expenses, including attorney's fees and court reporter fees." *Id.*, PAGEID#141.

Because a Court's dismissal of a case for failure to prosecute "is a harsh sanction," it is only ordered "in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614–15 (6th Cir.1998) (quoting *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980)). When considering dismissal under Rule 41(b), the Court considers the following four factors: (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. The factors are applied "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Harmon v. CSX Transp., Inc.* 110 F.3d 364, 367 (6th Cir.1997).

In support of the first factor, the Court does not find that Plaintiff's actions were "motivated by bad faith, willfulness, or fault" and that he displayed "an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641 (6th Cir. 2005) (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001). Although deadlines were missed by Plaintiff and at times he either filed no pleading or belatedly moved for an extension of time to do so, these instances occurred when he was not represented by counsel. During the time period when Plaintiff was represented by counsel, a Joint Motion to Stay Proceedings, the Amended Complaint and a response to Defendant's Motion to Dismiss for Failure to State a Claim, Docs. ##9, 31 and 32, were filed. On February 19, 2019, a mediation conference was held with settlement negotiations eventually concluding on May 21, 2019. Doc. #37. With respect to Plaintiff's failure to attend his July 10, 2019, deposition, counsel filed his Motion to Withdraw on July 9, 2019, stating difficulty in communicating with Plaintiff but noting that "there may be mitigating reasons" for Plaintiff's "difficulty in maintaining communication." Doc. #38-1, PAGEID#131. While Plaintiff should not have missed deadlines and should also have appeared at his noticed deposition, his failure to do so, under these circumstances, does not rise to the level where the "harsh sanction of dismissal" is warranted.

With respect to the second factor, the University asserts that it has been prejudiced by Plaintiff's conduct. The University claims that this occurred due to

their repeated requests for discovery responses as well as Plaintiff's failure to attend his July 10, 2019, deposition. Although it appears that the University was aware that Cox would not be attending his deposition, there is no dispute that there was "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir.1997). The University has satisfied the second factor.

The third factor, "[p]rior notice, or the lack thereof, is ... a key consideration" in determining whether a district court abused its discretion in dismissing a case for failure to prosecute. *Stough*, 138 F.3d at 615. The Sixth Circuit "has repeatedly reversed district courts for dismissing cases" when the "derelict parties" were not put "on notice that further noncompliance would result in dismissal." *Wu*, 420 F.3d at 644 (internal quotation marks omitted). Although the University correctly argues that the Court warned Plaintiff that he must respond to the Motion to Dismiss by August 26, 2019, there is no indication in the record that Plaintiff was warned that he must attend his deposition on July 10 and respond to Defendant's discovery requests or his case would be dismissed. Defendant concedes as much by stating that *"[P]resumably* Plaintiff's former counsel also warned him of the ramifications of his last-minute decision not to appear for his noticed deposition or to respond to the University's discovery requests." *Id.* (emphasis added). The University has not met the third factor.

Finally, as far as imposing a lesser sanction, the University's motion argues for a dismissal with prejudice and argues that Plaintiff has "been provided

7

opportunity after opportunity to engage and prosecute his case, yet his consistent failure to act continues." Doc. #41, PAGEID#143. A dismissal of an action, whether with or without prejudice, is only justified "in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Stough*, 138 F.3d at 614–15. Based upon the record in this case, the Court does not find that dismissal is justified.

Given that the University has met only one of the four factors, the Motion to Dismiss, Doc. #41, is denied.

### B. Motion for Summary Judgment

As required by this Court's Amended Preliminary Pretrial Order, Defendant filed their Motion for Summary Judgment on August 2, 2019. Doc. #42. Accordingly, Plaintiff is ordered to respond to Defendant's Motion for Summary Judgment, in accordance with Rule 56 of the Fed. R. Civ. P., with or without an attorney, within thirty days of this Decision and Entry. Failure on the part of Plaintiff to file any response to the Motion for Summary Judgment, Doc. #42, may result in judgment being entered in favor of Defendant and against Plaintiff and Plaintiff's case being dismissed.

### C. Motion to Continue Trial

In their Motion to Continue Trial, Doc. #45, the University requests that the December 2, 2019, trial date be continued "in light of the two unopposed pending dispositive motions." Doc. # 45, PAGEID#247. Although the Court has overruled the Motion to Dismiss, Doc. #41, Plaintiff has been ordered to respond within

thirty days to the Motion for Summary Judgment. Accordingly, in order to avoid any unnecessary expense of trial preparation, and because Plaintiff has been ordered to file a response to the remaining dispositive motion, Doc. # 42, within thirty days, the University's motion to continue is sustained.

## III. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss, Doc. #41, is OVERRULED. Defendant's Motion to Continue Trial, Doc. #45, is SUSTAINED. Plaintiff is ORDERED to respond, to Defendant's Motion for Summary Judgment, Doc. #42, in accordance with Rule 56 of the Fed. R. Civ. P., with or without an attorney, within thirty days of this Decision and Entry. Plaintiff's failure to respond to Defendant's Motion for Summary Judgment Doc. #42, may result in the Court entering judgment in favor of Defendant and against Plaintiff and the case being dismissed with prejudice.

Date: November 5, 2019

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE