IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TROY COX,                              :

          Plaintiff,
                                              Case No. 3:17-cv-00395
     v.                                :
                                              JUDGE WALTER H. RICE
UNIVERSITY OF DAYTON,

          Defendant.                   :

---

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (DOC. # 42); JUDGMENT TO ENTER IN
FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION
ENTRY

---

Plaintiff, Troy Cox ("Cox" or "Plaintiff"), has filed an Amended Complaint,

Doc. #31, against Defendant, the University of Dayton (the "University" or

"Defendant").  The Amended Complaint alleges five counts and seeks relief under

the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Rehabilitation Act"), the

Americans with Disabilities Act, 28 U.S.C. §§ 1331 and 1334 ("ADA") and Ohio

Revised Code § 4112.02, *et seq.*, ("Ohio Civil Rights Act"). *Id.* These federal and

state law claims allege, in general, disability discrimination, failure to

accommodate and retaliation.

This matter is before the Court pursuant to a motion for summary

judgment, Doc. #42, filed by the University.  Cox has filed "Plaintiff's Response to

Defendant's Motion for Summary Judgment Pursuant to Rule 12(b)(6)"

("Response"), Doc. #48, and Defendant has filed a reply, Doc. #49.

For the reasons set forth below, Defendant's motion for summary

judgment, Doc. #42, is sustained. Plaintiff's claims for disability discrimination

and failure to accommodate under the Rehabilitation Act and the ADA as alleged

in Counts I, II and III, retaliation under the Rehabilitation Act and the ADA as

alleged in Counts I and III and disability discrimination, failure to accommodate

and retaliation under the Ohio Civil Rights Act as alleged in Counts IV and V, are

dismissed with prejudice.


## I. Background Facts

Plaintiff is a 2013 honorably discharged Gulf War veteran from the United

States Navy. Doc. #31, PAGEID##85-86. He graduated from Eastern Kentucky

University and was accepted and enrolled at the University of Dayton, College of

Law, ("UDSL") for the Fall 2016 Semester. *Id.* Classes were scheduled to begin

on August 29, 2016, and because Cox claimed certain service related disabilities,

he submitted, in August of 2016, an Initial Accommodation Request, ("IAR"), to

the University's Office of Learning Resources/Disability Resources, ("OLR"). Doc.

#42-1, PAGEID##181-182. The submission of the IAR begins the process of

obtaining reasonable accommodations. The OLR guidelines, which are on the

University's website, require a student requesting an accommodation at the

University to also provide supporting documentation. This documentation

must contain a clear diagnostic statement from a licensed or otherwise properly credentialed professional. The information submitted must also explain how the disabling condition currently affects the individual and provide recommendations for the accommodations. Doc. 42-1, PAGEID#181.

Cox listed his disability in his IAR as "Cognitive (head injury, TBI, etc.), Mobility, Psychiatric (Depression, Anxiety, Obsessive Compulsive Disorder, Bi-Polar, etc.)." Doc. #42-1, PAGEID##183 and 189. In describing his disability, he indicated that he previously suffered a broken back and neck that sometimes renders him unable to sit for even short periods and that he further suffers from severe and debilitating migraines. Plaintiff also indicated that as a retired military combat veteran, he suffered from PTSD and anxiety. *Id.* In his IAR, he requested additional time to take tests, to complete assignments and to use dictation software. He also requested a disabled parking pass. Cox indicated that he had received these accommodations at Eastern Kentucky University. *Id.*

Following the submission of the IAR, a student at the University is required to meet with the OLR representative. Additionally, a law student, such as Cox, must make his request for accommodations known to the Law School's Dean of Students and the Associate Dean for Academic Affairs as soon as possible. Assuming accommodations are recommended by the OLR, the draft accommodations must be given to the Law School's Associate Dean for Academic Affairs for review. *Id.*, PAGEID#182. Academic accommodations are explained in more detail online with the University,

advising that incoming students should schedule an appointment with the OLR "as close to the beginning of the semester as possible." Doc. #42-1, PAGEID#181. Moreover, students are told that they may contact the OLR in the summer "but you will need a meeting at the beginning of the semester." *Id.*, PAGEID#182.

Upon receipt of Cox's IAR, the OLR automatically sent him a notice telling him to contact the OLR for an appointment. *Id.*, PAGEID#183. Cox scheduled an appointment for September 1, 2016, with the OLR, but did not attend that meeting. *Id.*, PAGEID#183. The OLR office scheduled a subsequent meeting and when Plaintiff failed to attend that meeting, an email dated September 21, 2016, was sent by the OLR to Cox. *Id.* Finally, on October 28, 2016, Plaintiff responded and forwarded "an old disabilities rating from the VA," with promises to provide "an updated version" once he received further information "from the VA on the appeals that have been made." *Id.*, PAGEID#194. A meeting with the OLR was still required. This meeting finally occurred on November 16, 2016. *Id.*, PAGEID#184. On November 21, 2016, Plaintiff e-mailed medical documentation from the VA dated February 2013, to the OLR. *Id.* Although this medical information was not current, following consultation with the Law School Dean of Students, it was accepted with accommodations to begin for the Spring 2017 Semester. *Id.*

At the end of the Fall 2016 Semester, Plaintiff's grade point average ("GPA") was below 2.20. As such, he was placed on academic probation.

4

Plaintiff's academic probation was discussed with him by Lori E. Shaw, the Associate Dean for Academic Affairs & Professor of Lawyering Skills and later confirmed in a letter to him dated January 11, 2017.[1] Doc. #42-2, PAGEID#231-232. The January 11, 2017, letter also advised Plaintiff that he would be dismissed at the end of the second semester if his GPA was less than 2.0 at the end of the Spring 2017 Semester.

The Accommodation Letter for the Spring 2017 Semester was issued November 23, 2016, and Plaintiff was told to meet with the Assistant Dean of Student Affairs and Registrar at the Law School. *Id.* Plaintiff accomplished this sometime after January 26, 2017. *Id.* Plaintiff admits that other than approximately two weeks of the Spring 2017 Semester, he received all the requested accommodations for that semester. Doc. #42-3, PAGEID#239.

At the end of the Spring 2017 Semester, Cox's cumulative GPA was below a 2.0 and he was academically dismissed. Doc. #42-2, PAGEID#216.

The University states that Plaintiff missed the deadline to receive accommodations for the Fall 2016 Semester. Cox admits that he did not submit an "Exam Accommodation and Deferral Form" request for accommodations for the Fall 2016 Final Examinations. Doc. #42-3, PAGEID#238. He contends that he did not request testing accommodations for the Fall 2016 Semester. Doc. #48, PAGEID#262. Instead, he asserts that that "it was general accommodations" that

---

[1]The January 11, 2017 letter, Doc. #42-2, incorrectly stated that Plaintiff's GPA at the end of the fall Semester was 1.95 when, in fact, it was 1.90. Doc. #42-2, PAGEID#216.

he "applied for" and although approved for them, he "did not receive [them] until later on in the Spring 2017 [S]emester." *Id.* He states that he "was not made aware that classroom/study accommodations were separate and apart from exam accommodations until he was made aware that [his 2017 Spring Semester] accommodations were approved." Doc. #42-3, PAGEID#238.

## II. Motion for Summary Judgment

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical

doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 2726 (1998). In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*,

7

889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). If it so chooses, however, the Court may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

### III.    Legal Analysis

#### A. Introduction

Defendant has attached detailed affidavits, along with exhibits, of Brenda D. Cooper, the Assistant Director of the OLR for the University ("Cooper Affidavit"), and Lori E. Shaw, the Associate Dean for Academic Affairs at UDSL ("Shaw Affidavit"), to its Motion for Summary Judgment. Doc. #42-1; Doc. #42-2. Plaintiff's Response includes as exhibits an "Accommodation Letter" from the University, Doc. 48-1, PAGEID#270, along with numerous documents from EKU's Disabilities Services concerning Plaintiff's accommodations allegedly received in connection with his undergraduate studies, as well as letters and applications from the VA, Doc. #48-2, PAGEID##271-381. Also included as a separate exhibit is Plaintiff's IAR submitted to the OLR in August 2016. Doc. #48-2, PAGEID#383. Plaintiff's Response also includes a statement from him that the "facts in the foregoing document" are true and correct. Doc. #48, PAGEID#261. Although the "facts" from Plaintiff's Response are not submitted under penalty of perjury,[2]

---

[2] Although a formal affidavit is no longer required under Rule 56, 28 U.S.C. § 1746, the unsworn declaration, certificate, verification, or statement must be submitted under penalty of perjury to substitute for an affidavit. Fed. R. Civ. P. 56 Advisory Committee Notes, 2010 Amendment.

because Plaintiff is a *pro se* plaintiff, the Court must permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." *Friedman v. Campbell*, No. 98-6728, 199 WL 1045281, at *1 (6th Cir. Nov. 8, 1999.) Accordingly, the Court will consider the "facts" in the Response as being submitted under "penalty of perjury."

### B. Disability and Failure to Accommodate Under the Rehabilitation Act and the ADA (Count I, II and III)

Counts I, II and III of the Amended Complaint allege that Defendant violated the Rehabilitation Act and the ADA by discriminating against Cox because of his disability and denying him "reasonable academic accommodations." Because in this case "the reach and requirements of [the Rehabilitation Act and the ADA] are precisely the same," *S.S. v. Eastern Kentucky University*, 532 F.3d 445 (6th Cir. 2008) (quoting *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 146 n. 6 (2d Cir.2002), Plaintiff's claims under these two statutes will be analyzed together.[3] In order to succeed on these claims, however, Cox must establish at least one of the

---

[3]"Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.' 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act likewise provides that '[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . .' 29 U.S.C. § 794(a).
Apart from [§ 504's] limitation to denials of benefits 'solely' by reason of disability and its reach of only federally funded—as opposed to 'public'—entities, the reach and requirements of both statutes are precisely the same." *Eastern Kentucky University*, 532 F.3d at 453.

following: "(1) intentional action on the basis of disability; (2) failure to provide reasonable accommodation; or (3) disparate treatment." *Velzen v. Grand Valley State Univ.*, 902 F.Supp.2d 1038, 1045 (W.D. Mich. 2012) (citing *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 460-61 (6th Cir. 1997)).

Based on the allegations of the Amended Complaint and Plaintiff's Response, the claims under the Rehabilitation Act and the ADA are failure to accommodate claims. To establish a failure to accommodate claim in this case, Cox must show that: (1) he is disabled within the meaning of the Rehabilitation Act and the ADA; (2) he is otherwise qualified, with or without reasonable accommodation; (3) the University knew or had reason to know about his disability; (4) he requested an accommodation; and (5) the University failed to provide the necessary accommodation. *Johnson v Cleveland City School Dist.*, 443 Fed. Appx. 974 (6th Cir. 2011). *See DiCarlo v. Potter*, 358 F.3d 408, 419 (6th Cir.2004).

Defendant asserts that Cox has not established a *prima facie* case for a failure to accommodate claim. Specifically, the University asserts that the first element has not been met since the only records ever presented by Plaintiff were those establishing a disability in 2013. The second element, that Cox was otherwise qualified, has also not been met. According to Defendant, even with accommodations for the Spring 2017 Semester, Cox's GPA was 1.32. The University further contends that the third and fourth element are not met, since Cox must provide "a proper diagnosis" of his claimed disability, "specifically

10

request[] an accommodation" of it and meet with the OLR to discuss his accommodations. *Carten v. Kent State Univ.*, 78 F. App'x. 499, 500-01 (6th Cir. 2003) (citing *Kaltenberger v. Ohio College of Podiatric Med.*, 162 F.3d 432, 437 (6th Cir. 1998)). According to the Cooper Affidavit, Plaintiff did not provide any documentation to support his disability or need for accommodation when he submitted his IAR Form in August 2016 and he failed to attend the September 1, 2016 meeting to discuss his accommodations. Doc. #42-1, PAGEID##182-183. As for the fifth element, Defendant maintains that Plaintiff missed the deadline for reasonable accommodations for the Fall 2016 Semester and Plaintiff agrees that, other than approximately two weeks of the Spring 2017 Semester, he received all the requested accommodations for that semester. Doc. #42-1, PAGEID#184; Doc. #42-3, PAGEID#239. As such, the University argues, no *prima facie* case exists for a failure to provide reasonable accommodations under the Rehabilitation Act and the ADA.

Cox's Response concedes that general and testing accommodations for the Spring 2017 Semester and testing accommodations for the Fall 2016 Semester are irrelevant. Doc. #48, PAGEID#262. Instead, Plaintiff argues that the issue is Defendant's failure to provide him with reasonable "general" accommodations for the 2016 Fall Semester. His Response, however, fails to provide any facts in support of this argument.

Cox's Response states that he disputes Defendant's statement that he "[F]ailed to comply with accommodations['] request process." The Response also

asserts that "[T]he Complaint contains answers to all this and more in page after page of detailed allegations and exhibits. Under any reading of the applicable standard requiring particularity, the Plaintiff meets and exceeds his pleading obligations." *Id.* Plaintiff argues that he filled out the IAR, which is not disputed by Defendant, and that he took that form, which the University already had, "along with full [complete] copy of disabilities paperwork from the VA, along with additional disabilities documents from Eastern Kentucky University" to "the first meeting with Brenda Cooper of the OLR office." Doc. #48, PAGEID#264. Although Plaintiff does not state when this first meeting took place, the Cooper Affidavit states that due to Plaintiff's cancellations and delayed responses by him to her emails, the first meeting did not occur until November 16, 2016. Doc. #42-1, PAGEID#183. Because of the upcoming Thanksgiving break, at the time of the first meeting, there were approximately 2 weeks remaining of classes before final examinations. Doc. #42-2, PAGEID#226. Additionally, the medical records and VA forms allegedly provided by Plaintiff at the November 16, 2016, meeting were over three years old. Plaintiff apparently sent "a more recent version of documentation for disability" to the OLR on November 21, 2016. Based on Plaintiff's Response, his exhibits, as well as the affidavits and exhibits of Defendant, Plaintiff completed the first step in the process for obtaining reasonable accommodations for the Fall 2016 Semester, by submitting an IAR Form to the OLR in August 2016. However, there is no genuine dispute of a material fact that Cox failed to schedule timely a meeting with the OLR, provide

12

current documentation to them and apprise the UDSL of his need for "general accommodations" for the Fall 2016 Semester.

Accordingly, Defendant's motion for summary judgment as to Plaintiff's claims for disability and failure to accommodate under the Rehabilitation Act and the ADA, as alleged in Counts I, II and II, is sustained.

## C. Retaliation Claims under the Rehabilitation Act and the ADA (Counts I and III)

Plaintiff's claims of retaliation, alleged in Counts I and III, are based on the Rehabilitation Act and the ADA. Because the retaliation language in both statutes are similar, 42 U.S.C. § 12203(a) and See 29 U.S.C. § 794(a), cases interpreting retaliation claims under these statutes are construed similarly. *A.C. v. Shelby County Bd. of Educ.*, 711 F.3d 687, 697 (6th Cir. 2013). To establish a *prima facie case* of retaliation, Cox must show that he (1) engaged in a statutorily protected activity, (2) the University knew about his protected activity, (3) the University took an adverse action against him and (4) a causal connection existed between the adverse action and Cox's protected activity. *Shelby County Bd. of Educ.*, 711 F.3d at 697. Although the burden of establishing a retaliation action in these cases "is not onerous," *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001), a "but for" causation, between the protected activity and the adverse action, is required. *EEOC v. Ford Motor Co.*, 782 F.3d 753, 767 (6th Cir. 2015) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360). Assuming a *prima facie* case is established, a retaliation claim is analyzed under the familiar burden-shifting

13

framework of *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973) and *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981).

Based on the affidavits, exhibits and Response of Plaintiff, however, Cox has not presented a *prima facie* claim of retaliation. As such, there is no need to engage in any burden shifting analysis. Specifically, Plaintiff has not established what "adverse action" the University took against him. Additionally, he has not shown that any "but for" causal connection existed between that action and Cox's protected activity. Cox alleges only that he did not receive "general accommodations" for his first semester of law school. However, that assertion rings hollow given that he did not attend the required meeting with the OLR until November 16, 2016, with only two weeks of classes remaining. Moreover, assuming that the "adverse action" is Plaintiff's dismissal from UDSL, it is "[u]ndisputed" by Cox that he was "dismissed for poor academic performance." *Id.*[4]

Because the Court finds that there is no genuine dispute of a material fact that Plaintiff was retaliated against under the Rehabilitation Act and the ADA as alleged in Counts I and III, Defendant's motion for summary judgment as to Plaintiff's claims for retaliation is sustained.

---

[4] Plaintiff later argues in his Response that because he was not provided "assistive technology assistance" during the Fall 2016 Semester, the grades from that semester should not be used to calculate his "GPA for any purpose." Doc. #48, PAGEID#265. He does not address, however, that his GPA for the Spring 2017 Semester was lower than the prior semester even though he had been provided reasonable accommodation.,

## D. Disability Discrimination, Failure to Accommodate and Retaliation Claims under the Ohio Civil Rights Act (Counts IV and V)

Counts IV and V of Plaintiff's Amended Complaint allege claims of disability discrimination, failure to accommodate and retaliation under the Ohio Civil Rights Act. Claims "made pursuant to the Ohio Civil Rights Act, the Rehabilitation Act, and the ADA" are analyzed "under a single framework." *Wheat v. Columbus Bd. of Educ.*, 644 Fed. Appx. 427, 439 (6th Cir. 2016) (citing *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 201 (6th Cir.2010).

The Court has previously analyzed Plaintiff's claims for disability discrimination, failure to accommodate and retaliation under the Rehabilitation Act and the ADA and found that Defendant's motion for summary judgment should be sustained. Because the analysis of the federal claims and state claims is largely the same under both statutes, Defendant's motion for summary judgment for claims alleged in Counts IV and V under the Ohio Civil Rights Act, Counts IV and V, is sustained.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment, Doc. #42, is SUSTAINED. Judgment is to enter in favor of Defendant, the University of Dayton, and against Plaintiff, Troy Cox.

The captioned cause is hereby ordered terminated upon the docket records

of the United States District Court for the Southern District of Ohio, Western

Division, at Dayton.


Date: March 12, 2020

WALTER H. RICE
UNITED STATES DISTRICT JUDGE